















VLS   4/23/01   10:24

3:00-CV-00785   ACE CLEARDEFENSE V. DEEDE

*47*

*PROTO.*

ORIGINAL

01 APR 23 AM 9:35

J Shant
DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACE/CLEARDEFENSE, INC.;<br>ACE/CLEARDEFENSE QUEBEC,<br>INC.; and PETER FABIAN<br><br>             Plaintiffs,<br><br>   vs.<br><br>BRIAN DEEDE, RANDY BRASMER,<br>WIRT R. FLADD, ALLEN V. "DRY"<br>MARTINI, JOHN L. CORAN,<br>JEFFREY A. HOLLANDER,<br>CHRISTOPHER D. STRATTON,<br>DOUGLAS RIGG, BRAD WITTSTEIN,<br>GARY STUBBLEFIELD, JAMES KOO,<br>U.S./ACE SECURITY LAMINATES,<br>INC. AND U.S./ACE WEST, INC.<br><br>             Defendants. | ) Civil Action No. 00cv00785JM (NLS)<br>)<br>)<br>)<br>) STIPULATION FOR PROTECTIVE ORDER<br>) REGARDING CONFIDENTIALITY AND<br>) ORDER THEREON<br>)<br>)<br>)<br>) JUDGE:    Hon. Nita L. Stormes<br>) CTRM:     10<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

IT IS HEREBY STIPULATED and agreed by Peter J. Schulz of

Greco Traficante & Edwards, attorney for defendants BRIAN DEEDE,

RANDY BRASMER, WIRT R. FLADD, ALLEN V. "DRY" MARTINI, JOHN L.

CORAN, JEFFREY A. HOLLANDER, CHRISTOPHER D. STRATTON, DOUGLAS

RIGG, BRAD WITTSTEIN, GARY STUBBLEFIELD, JAMES KOO, U.S./ACE

SECURITY LAMINATES, INC. AND U.S./ACE WEST, INC. and Jennifer

Lynch, attorney for plaintiffs, ACE/CLEARDEFENSE, INC.;

///



1  ACE/CLEARDEFENSE QUEBEC, INC.; AND PETER FABIAN, that this
2  protective order should be entered by the Court.

3       IT IS HEREBY ORDERED as follows:

4       1.    That the information contained in the documents or items
5  produced by the parties in connection with the above-entitled
6  action that are stamped with the words "protected" or
7  "confidential" and/or described as "protected" or "confidential"
8  may contain trade secrets, proprietary and/or confidential
9  business information of either party.  Such information may also
10 be privileged pursuant to the attorney-client privilege or work
11 product doctrine, but is produced because the "clients" are the
12 same.  Such documents containing "protected" or "confidential"
13 information or items shall not be divulged by any attorney of
14 record: (1) To any party in above-entitled litigation and shall be
15 treated as "attorneys-eyes only"; (2) to any expert witness
16 retained by any party or its attorney who has not agreed in
17 writing to be bound by this Order; (3) to any other third party
18 who is not directly involved in the above-entitled action, without
19 the written consent of the parties or the attorneys for the
20 parties or further order of this Court.

21      2.    That documents containing "protected" or "confidential"
22 information or items produced pursuant to this Protective Order
23 shall be solely used for preparation for trial and/or trial in
24 this action.  "Preparation for trial" includes, but is not limited
25 to, discovery, settlement, preparation of motions, interviews of
26 witnesses and trial preparation.  "Protected" or "confidential"
27 documents can be used at trial, in any summary
28 judgment/adjudication motions that may be filed (subject to these

1  documents being submitted to the court under seal), and in any
2  appeal that may be filed in this action.

3       3.    That working copies or file copies of documents
4  containing "protected" or "confidential" information or items
5  produced pursuant to this Protective Order can be made for:   (1)
6  the attorneys (including paralegals, law clerks or other support
7  personnel necessary for preparation for trial and/or trial) for
8  the parties; (2) experts retained by the parties who have agreed
9  in writing to be bound by this Protective Order; or (3) other
10  persons agreeing in writing to be bound by this Protective Order
11  with the written consent of the party producing the confidential
12  information.   These copies are to be used exclusively in
13  connection with the above-captioned action.  Any copies or other
14  methods of reproduction of the documents made pursuant to this
15  Order shall be stored and/or handled by the above-listed persons
16  in a manner which will prevent the unauthorized disclosure
17  thereof.

18       4.    That documents containing "protected" or "confidential"
19  information or items pursuant to this Protective Order which are
20  used as deposition exhibits or in other discovery or discovery
21  and/or pre-trial motions shall be marked in accordance with
22  paragraph 1.  Any deposition transcript or portion thereof filed
23  or lodged with the court containing "protected" or "confidential"
24  information or items as an exhibit shall be filed and/or lodged
25  under seal pursuant to paragraph 6.

26       5.    That documents containing "protected" or "confidential"
27  information or items pursuant to this Protective Order shall not
28  be used by the parties hereto for business or competitive

1 purposes, or for any purpose whatsoever other than for preparation
2 for trial and/or trial of the above-captioned action.

3      6.   That if any of the documents designated as "protected"
4 or "confidential" pursuant to this Protective Order are filed
5 and/or lodged with the court, counsel for the respective parties
6 are directed to file and/or lodge such documents under seal with
7 the clerk of the court, pursuant to this Protective Order, in an
8 envelope marked "SEALED". Such confidential material shall be
9 lodged separately as exhibits and will be returned to counsel upon
10 completion of the hearing for which the confidential material is
11 submitted.

12      7.   That each expert, agent, representative or consultant
13 who is permitted by any attorney for the parties to view, scan or
14 otherwise inspect the documents containing "protected" or
15 "confidential" information or items pursuant to this Protective
16 Order shall agree in writing to be bound by this Protective Order.
17 A copy of this Protective Order shall also be delivered to each of
18 the above-listed persons by the attorneys for the parties.

19      8.   That no party to this action, attorneys for the parties
20 (including law clerks, paralegals or other support personnel
21 necessary for preparation for trial and/or trial), experts
22 retained by the parties or the attorneys for the parties, agents
23 or representatives of the parties, will make copies or other types
24 of reproductions, other than working copies or file copies for the
25 persons described in paragraph 3, of any document containing
26 "protected" or "confidential" information or items made or
27 produced pursuant to this Protective Order.
28 ///

1    9.   In the event a party produces a document labeled
2 "protected" or "confidential," which the receiving party
3 determines to be non-privileged, or not entitled to the
4 restrictions contemplated by this order, such party shall notify
5 the producing party of its objection to the "protected" or
6 "confidential" designation.   Upon receipt of such objection, the
7 producing party shall have one week to either: (a) de-designate
8 the document as "protected" or "confidential"; or (b) provide, in
9 writing, a legal and factual basis upon which the designation is
10 based.   If after receipt of such written explanation, and after a
11 good faith "meet and confer" as between counsel, the parties are
12 unable to reach an agreement concerning the designation of the
13 particular document or discovery material, the matter shall be
14 brought before the Magistrate Judge for final determination.   The
15 Magistrate Judge shall have the authority to award monetary or
16 other sanctions against any party who, without substantial
17 justification, requests a de-designation, or refuses to de-
18 designate "protected" or "confidential" documents or discovery
19 materials.
20    10.   That all documents produced by the parties pursuant to
21 this Protective Order, and any copies, lists or summaries thereof,
22 shall be returned to the party who produced such documents after
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  trial and/or other final resolutions of the above-entitled action,

2  unless these documents introduced as evidence or exhibits at the

3  time of trial.

4      IT IS SO STIPULATED.

5

6  Dated:  April 17, 2001                    GRECO TRAFICANTE & EDWARDS

7

8                                     By: _____

9                                         Peter X. Schulz
                                          Attorney for Defendants

10

11

12  Dated: April 12, 2001              By: _____

13                                         Jennifer L. Lynch, Esq.
                                          Attorney for Plaintiff

14  IT IS SO ORDERED.

15
    DATED:  April 19, 2001
16                                     _____
                                       Honorable Nita L. Stormes

17

18

19

20

21

22

23

24

25

26

27

28

ORIGINAL

## DECLARATION OF SERVICE BY MAIL

Case Name: **ACE/CLEARDEFENSE, INC. V. BRIAN DEEDE, ET AL.**
U.S. District Court Civil Action No:  **00cv00785JM (NLS)**

    I, Sonya George, declare that I am over the age of eighteen years and not a party to this action; I am employed in, or am a resident of the County of San Diego, California, where the mailing occurs; and my business address is 350 West Ash Street, Suite 850, San Diego, California 92101.  I further declare that I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service pursuant to which practice the correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business.  I caused to be served the following document(s) by placing a copy thereof in an envelope for the addressee(s) respectively as follows:

Document(s) Served:

**(1)    STIPULATION FOR PROTECTIVE ORDER REGARDING
           CONFIDENTIALITY AND ORDER THEREON.**

Parties Served:
Jennifer L. Lynch, Esq.                 Attorney for plaintiff,
Attorney at Law                         **ACE/CLEARDEFENSE, INC.;**
380 South Melrose Drive                 **ACE/CLEARDEFENSE QUEBEC, INC.;**
Suite 208                               **AND PETER FABIAN**
Vista, CA  92083
(760) 643-4113/Fax 643-4112

    I then sealed the envelope and, with the postage thereon fully prepaid, either deposited each in the United States Postal Service or placed each for collection and mailing on April 13, 2001, at San Diego, California, following the ordinary business practices.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on April 13, 2001.

Sonya George